In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00468-CR
NO. 09-18-00469-CR
_____

**JAMES MICHAEL LILLIE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause Nos. CR32660, CR32661**

**MEMORANDUM OPINION**

In March 2018, James Michael Lillie pleaded guilty to the crimes of Assault

Family Violence – Occlusion and Aggravated Assault with a Deadly Weapon, and

he was placed on deferred adjudication for a period of four years. *See* Tex. Penal

Code Ann. §§ 22.01(b)(2)(B), 22.02(a)(2) (West 2019). In October 2018, the State

filed a motion to revoke Lillie's unadjudicated community supervision, based on

new allegations that Lillie committed the crimes of Assault Family Violence and

Aggravated Assault with a Deadly Weapon against G.H.[1] while on probation. The State also alleged that (1) Lillie failed to report to his supervision officer in July and August of 2018, (2) failed to pay supervision fees in whole or part for the months of April, May, June, July, August, and September 2018, (3) failed to complete 300 hours of community service, and (4) failed to attend a Batterer's Intervention Program. Lillie pleaded true to one allegation that he failed to report to his supervision officer as required by his probation.

After a bench trial, the trial court found Lillie violated the terms and conditions of his probation, including Lillie's plea of true to one allegation in the State's motion, and adjudicated James Michael Lillie guilty of Assault Family Violence – Occlusion and Aggravated Assault with a Deadly Weapon. The trial court sentenced Lillie to confinement in the Texas Department of Criminal Justice, Institutional Division for 10 years and 16 years respectively, ordering Lillie's sentences to run concurrently in both cases. Lillie timely appealed.

Lillie's appellate counsel presented a professional evaluation of the record concluding there were no meritorious issues for appeal. *See Anders v. California*,

---

[1] To protect the privacy of the victim, we identify her by her initials. *See* Tex. Const. art. I, § 30(a)(1) (granting victims of crime "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

386 U.S. 738, 744 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978). When we address an *Anders* brief as an appellate court, we have the option to determine: (1) that the appeal is wholly frivolous and issue an opinion explaining that we reviewed the record and find no reversible error; or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (citations omitted).

We have independently reviewed the entire record in this matter. From our review of the record, we conclude no arguable issues exist to support an appeal, and there is no reversible error. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Given our conclusion that no arguable grounds exist to support Lillie's appeal, we affirm the trial court's judgment.[2]

AFFIRMED.

_____
CHARLES KREGER
Justice

---

[2] Lillie may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

Submitted on June 21, 2019
Opinion Delivered June 26, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.